UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRANCISCO MOTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:12-cv-510 |
| | ) |
| UNITED STATES STEEL CORP., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Reconsideration [DE 37] filed by the plaintiff, Francisco Mota, on December 30, 2014, and the Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment [DE 39] filed by Mota on January 14, 2015. For the following reasons, the Motion for Reconsideration [DE 37] is **DENIED**, and the Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment [DE 39] is **GRANTED**.

*Background*

On December 1, 2014, the plaintiff, Francisco Mota, filed a motion to extend the discovery deadline. This court denied that motion on December 29, 2014. In the December 29, 2014 order, this court found that Mota did not present good cause sufficient to extend the discovery deadline and that he did not demonstrate how he was unable to meet the discovery deadline despite his due diligence. On December 30, 2014, Mota filed a Motion for Reconsideration of this court's December 29, 2014 order.

In the Motion for Reconsideration, Mota requested the court to reconsider its December 29, 2014 order and to reopen discovery. Mota indicated that he is a man of average intelligence

who struggles with the English language and must use an interpreter to discuss this matter with his attorney. Additionally, he indicated that he got divorced during the pending litigation, which slowed his participation in this matter. Furthermore, Mota's counsel, Christopher Cooper, stated he needs additional time to review the case, collect documents, and answer outstanding discovery.

The defendant, United States Steel Corporation, objected to the Motion for Reconsideration and indicated that Mota did not present a legitimate reason or factual basis sufficient to extend the discovery deadline. Additionally, U.S. Steel stated extending the discovery deadline would be unfair and prejudicial to U.S. Steel because it previously filed a Motion for Summary Judgment after the discovery deadline.

On December 18, 2014, U.S. Steel filed its Motion for Summary Judgment. Mota's response was due January 15, 2015. On January 14, 2015, Mota requested an extension to respond to the Motion for Summary Judgment. Mota requested an extension to respond until the court ruled on Mota's Motion for Reconsideration or until March 2, 2015. U.S. Steel did not respond to the request for an extension.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* **Talano v. Northwestern Med. Faculty Found., Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* **Seng-Tiong Ho v.**

2

*Taflove*, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing ***Obriecht v. Raemisch***, 517 F.3d 489, 494 (7th Cir. 2008); ***United States v. Ligas***, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In ***Frietsch v. Refco, Inc.***, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see* ***Oto v. Metro. Life Ins. Co.***, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); ***Divane v. Krull Electric Co.***, 194 F.3d 845, 850 (7th Cir. 1999); ***LB Credit Corp. v. Resolution Trust Corp.***, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." ***Global View Ltd. Venture Capital v. Great Central Basin Exploration***, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

Mota has not presented a sufficient reason for the court to reconsider its order of December 29, 2014. He did not demonstrate a manifest error of law or newly discovered evidence that would allow the court to reconsider its decision. Rather, Mota used his Motion for Reconsideration to present new evidence that could have been presented earlier. Mota could have indicated that he is a man of average intelligence, he struggles with the English language,

3

he needs an interpreter to discuss this matter, and his divorce slowed his participation in this matter in his initial motion to extend the discovery deadline. Therefore, the Motion for Reconsideration is **DENIED**.

Mota also requested an extension to respond to U.S. Steel's Motion for Summary Judgment. U.S. Steel filed its Motion for Summary Judgment on December 18, 2014, and Mota's response was due on January 15, 2015. Mota indicated he was not in a position to respond to the Motion for Summary Judgment based on the reasons stated in his Motion for Reconsideration. Furthermore, he requested an extension until after this court ruled on the Motion for Reconsideration or until March 2, 2015. U.S. Steel did not file a response in opposition to the request for an extension. The court finds good cause to extend Mota's deadline to respond to the pending Motion for Summary Judgment because Mota's Motion for Reconsideration was pending and could have reopened discovery and U.S. Steel did not file a response in opposition.

Based on the foregoing reasons, the Motion for Reconsideration [DE 37] is **DENIED**, and the Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment [DE 39] is **GRANTED**. Mota is **ORDERED** to file a response to U.S. Steel's Motion for Summary Judgment by March 2, 2015.

ENTERED this 30th day of January, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge